UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE WEATHERSPOON,<br><br>        Plaintiff,<br><br>   v.<br><br>REZA ARFAEI,<br><br>        Defendant. | Case No. 22-cv-07138-AGT<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 9 |

    Wayne Weatherspoon alleges that he has epilepsy, that he utilizes a trained assistance dog to protect him during seizures, that he rents a residential property from Reza Arfaei, and that after he told Arfaei he had an assistance animal, Arfaei told him he was going to raise the rent and later provided Weatherspoon with a notice of termination that specifically cited a no-pet policy as a reason for the tenancy termination. Compl. ¶¶ 9–17.

    When these allegations are taken as true, as they must be on a motion to dismiss, they are sufficient to support Weatherspoon's claims against Arfaei, for violation of the Fair Housing Act, 42 U.S.C. §§ 3601–19, California's Fair Employment and Housing Act, Cal. Gov. Code §§ 12900–96, and the Unruh Civil Rights Act, Cal. Civ. Code § 51. Weatherspoon has done more than offer "naked assertions" or "a formulaic recitation of the elements." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007). He has provided "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (simplified).

    In arguing that Weatherspoon hasn't stated a plausible claim, Arfaei relies on evidence outside the pleadings. *See* Dkt. 9-1, Cortright Decl.; Dkt. 9-2, Arfaei Decl. The Court won't consider this evidence in evaluating Arfaei's motion to dismiss. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("As a general rule, a district court may not consider any material

beyond the pleadings in ruling on a Rule 12(b)(6) motion.") (simplified).

Weatherspoon has stated plausible claims for relief. Arfaei's motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated: February 13, 2023

Alex G. Tse
United States Magistrate Judge